Ray **MARSHALL**, Secretary of Labor, United States Department of Labor

v.

**HUFFHINES STEEL COMPANY.**

**Civ. A. No. CA–3–79–0842–G.**

United States District Court, N. D. Texas, Dallas Division.

Sept. 14, 1979.

Barbara G. Heptig, Dallas, Tex., Carin Ann Clauss, Washington, D. C., James E. White, Jack F. Ostrander, U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

Robert E. Rader, Jr., McCarty & Wilson, Ennis, Tex., for defendant.

## ORDER

PATRICK E. HIGGINBOTHAM, District Judge.

This case presents the question that the Supreme Court made inevitable in *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), and that the Fifth Circuit left unresolved in *Marshall v. Gibson's Products, Inc.*, 584 F.2d 668, 678, n.16 (5th Cir. 1978). That question is whether the district courts—and, therefore, the United States Magistrates—have jurisdiction under the Occupational Safety and Health Act ("OSHA") to issue search warrants empowering the Secretary of Labor to enter, inspect, and investigate places of employment.[1] Section 8(a) of the Act gives the Secretary the power to conduct inspections, 29 U.S.C. § 657(a), but makes no explicit provision for the issuance of warrants. The Supreme Court in *Marshall v. Barlow's* held that such searches are unconstitutional if conducted without a warrant. It did not address the question, however, of whether the Act empowers the district courts to issue such warrants.

In determining whether OSHA implicitly grants district courts jurisdiction to issue warrants, this court is guided by basic precepts of statutory construction. In 1584, Lord Coke clearly explained the judicial role in analyzing and implementing statutes:

> And it was resolved by them, that for the full and true interpretation of all statutes in general (be they penal or beneficial, restrictive or enlarging of the common law) four things are to be discerned and considered—1st. What was the common law before the making of the act? 2nd. What was the mischief and defect for which the common law did not provide? 3rd. What remedy the parliament hath resolved and appointed to cure the disease of the commonwealth? 4th. The true reason of the remedy. And then the office of all the judges is always to make such construction as shall suppress the mischief, advance the remedy, and to suppress subtle invention and evasions for continuance of the mischief, and *pro privato commodo*, and to add force and life to the cure and remedy according to the true intent of the makers of the act *pro bono publico*.

*Marshall v. Gibson's supra*, 584 F.2d at 680 (Tuttle, dissenting), *quoting Hayden's Case*, 3 Co.Rep. 72, 76 Eng.Repr. 687 (1584).

The "mischief and defect" that prompted Congress to enact OSHA was the belief that "personal injuries and illnesses arising out of work situations impose a substantial burden upon, and are a hindrance to, inter-

---

1. This action is an action under 28 U.S.C. § 636(d) for failure to honor a warrant lawfully issued by a magistrate. If OSHA empowers district courts to issue warrants, then the court's jurisdiction to hear this contempt action inevitably flows from that power.

state commerce in terms of lost production, wage loss, medical expenses, and disability compensation payments." 29 U.S.C. § 651(a). To remedy this situation and "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to preserve our human resources," 29 U.S.C. § 651(b), the Congress enacted OSHA. Essential to this statutory remedy is the power of the Secretary to enter and inspect places of employment for safety and health hazards. *See* 29 U.S.C. § 657.

■ Congress clearly intended this remedy to be constitutional. OSHA sponsor Congressman Steiger stated, "I would add that in carrying out inspection duties under this Act, the Secretary, of course, would have to act in accordance with applicable constitutional protections." 116 Cong.Rec. 38709 (1970). Further, Congress did not intend to enact an unenforceable statute. To interpret the statute to mean that warrants are constitutionally required but that the courts lack the jurisdiction to issue them would be to render the statute meaningless and to undermine Congress' stated objectives. This court is unwilling to so hold.

Title 28, U.S.C. § 1337 provides the explicit jurisdictional grant that is only implicit in § 8(a). That section states in pertinent part:

The district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . . ..

The Fifth Circuit held in *Gibson's* that OSHA is an act regulating commerce. Congress enacted OSHA expressly through "its powers to regulate commerce among the several states and with foreign nations and to provide for the general welfare." 29 U.S.C. § 651(b) (1976). Further, OSHA only applies to employers "engaged in a business affecting commerce." 29 U.S.C. § 652(5) (1976). *Marshall v. Gibson's Products, Inc., supra,* 584 F.2d at 677, n.13. The court in *Gibson's* rejected the argument that § 1337 provided the district courts with jurisdiction over injunctive actions under

§ 8(a). Judge Tjoflat pointed out that it would be anomalous to suggest that an action "arises under" an act that, as discussed below, impliedly rejects jurisdiction to bring the action. The application of *Gibson's* reasoning to this case leads to the opposite result. Section 8(a) implicitly grants district courts the power to issue warrants; thus, a proceeding to obtain a warrant (and, in this case, to have the court hold the defendant in contempt under 28 U.S.C. § 636(d) for failing to honor a § 8(a) warrant lawfully issued by a magistrate) "arises under" that section of OSHA. Jurisdiction therefore is proper under 28 U.S.C. § 1337.

*Marshall v. Gibson's Products, Inc.,* 584 F.2d 608 (5th Cir. 1978) does not preclude this conclusion. In that case, the Secretary had not obtained a warrant but nonetheless sought an injunction to compel the defendant to submit to a § 8(a) search. The Fifth Circuit held that the district court lacked jurisdiction to entertain such an action. The court pointed out that § 8(a) by its terms does not provide for injunctive relief and reasoned that such a provision is absent because Congress had grave doubts as to its constitutionality. Because Congress intended to enact a constitutional statute, it chose not to grant such jurisdiction. In applying the *Gibson's* rationale to this case, the court is led to a different conclusion. The power to issue warrants would make § 8(a) constitutional rather than unconstitutional. It is thus reasonable to infer that Congress intended the jurisdictional grant.

In *Gibson's,* the court further reasoned that injunctive jurisdiction was not intended because such actions would eliminate the element of surprise which Congress clearly contemplated as essential to the enforcement scheme. As the *Gibson's* court explicitly noted, this rationale does not apply to obtaining warrants. *See* 584 F.2d at 673, n.6. The Supreme Court addressed this issue in *Barlow's* and noted that such a warrant could issue *ex parte* and without notice before or after entry is sought, thereby preserving surprise.

■ The final question is whether the magistrate or district court has authority

under Rule 41, F.R.Crim.P. to issue a § 8(a) OSHA warrant. Such a warrant does not fall within any of the three grounds for issuance set forth in Rule 41(b).

(b) Property Which May Be Seized with a Warrant. A warrant may be issued under this rule to search for and seize any (1) property that constitutes evidence of the commission of a criminal offense; or (2) contraband, the fruits of crime, or things otherwise criminally possessed; (3) property designed or intended for use or which is or has been used as the means of committing a criminal offense.

It is nonetheless allowed under Rule 41(h). That section states that Rule 41 "does not modify any act, inconsistent with it, regulating search, seizure and the issuance and execution of search warrants in circumstances for which special provision is made." The Advisory Committee notes explain that the subsection does not supersede but preserves all statutory provisions permitting searches in specific situations not otherwise explicitly set forth in the rule. The fact that § 8(a) does not by its terms grant warrant jurisdiction is not significant. It is enough that the court's jurisdiction to issue such warrants is implicit in § 8(a).

Defendant's motion to dismiss is DENIED.