**John H. THOMAS, Plaintiff-Appellee,**

v.

**Fob JAMES, et al.,
Defendants-Appellants.**

**Lincoln HEARD, et al.,
Plaintiffs-Appellees,**

v.

**Joe OLIVER, Warden,
Defendant-Appellant.**

**George Edward COWSEN,
Plaintiff-Appellee,**

v.

**Robert G. BRITTON, et al.,
Defendants-Appellants.**

**Carl HALL, etc., Plaintiff-Appellee,**

v.

**Joe OLIVER, et al.,
Defendants-Appellants.**

**No. 80–7840.**

United States Court of Appeals,
Fifth Circuit.*
Unit B

Nov. 12, 1981.

Charles A. Graddick, Atty. Gen., Jack M. Curtis, John Gibbs, Asst. Attys. Gen., Montgomery, Ala., for defendants-appellants.

James B. Newman, Mobile, Ala., for Thomas, Cowsen, Heard and Hall.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Before MORGAN, TJOFLAT and ANDERSON, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

■ Plaintiffs-appellees are six inmates at Holman Prison, a state facility in southern Alabama.[1] They originally filed four separate civil actions against Alabama state officials pursuant to 42 U.S.C. § 1983 and charged that several Holman regulations and security practices violated their constitutional rights. Their claims were consolidated and referred to a United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(B). An evidentiary hearing was held at the chapel of an adjacent prison facility, and each plaintiff offered testimony and other evidence in support of his case. The relevant evidence presented at this hearing is brief. Holman Prison maintains a "visitor and correspondence" list for each inmate on which a prisoner may place the names of up to seven family members and one friend. Only the eight persons named on this list may visit the prisoner, send money to the prisoner, and receive telephone calls from the prisoner. The list is somewhat misnamed for it does not prohibit normal correspondence between a prisoner and anyone on "the outside." Based on all evidence presented at the hearing, the magistrate concluded that the eight person limitation on sources of money was an arbitrary interference with a prisoner's ability to exercise his First Amendment rights. Accordingly, the magistrate recommended that the district court enjoin the defendants from arbitrarily limiting the number of persons who may send money to a prisoner, and for the same reason enjoin the defendants from using a combined visitor, telephone, and money order list. The magistrate's recommendation was adopted and ordered by the district court, and the defendants now appeal. After careful review and consideration of the record,[2] we conclude, sua sponte, that the lower court did not have jurisdiction to adjudicate this claim.[3]

■■ In haste to correct what it perceived as an arbitrary regulation, the court below failed to recognize that this particular case is not justiciable. Article III of the Constitution restricts federal court jurisdiction to questions arising from a "case or controversy." In other words, to seek relief in federal court a plaintiff must show that he suffers from a threatened or actual injury caused by the allegedly illegal actions of the defendant. *Laird v. Tatum*, 408 U.S. 1, 92 S.Ct. 2318, 33 L.Ed.2d 154 (1972); *Warth v. Seldin*, 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975); *Smith v. Price*, 616 F.2d 1371 (5th Cir. 1980). The magistrate in this case premised his recommendation upon the injury to a prisoner's First Amendment rights caused by limited access to money, however the record is void of any evidence which establishes a threatened or actual injury to the rights of these plaintiffs. None of the prisoners testified or offered proof that the money order restriction has

---

1. The plaintiffs-appellees are John H. Thomas, George Edward Cowsen, Roosevelt Youngblood, Lincoln Heard, Willie Waggoner, and Carl Hall.

2. Admittedly, review of this record was not an easy task. The record is replete with nonsensical passages such as this portion of the examination of the prison chaplain by plaintiffs' counsel:

    Q  Have you ever opened up a package or a letter or any type of correspondence that contains money orders in it?
    A  I have had one, approximately two.
    Q  What did you do with them?
    A  The package that contained a money order was approximately a month and a half or something like that. The mail clerk took the money order, posted it out and gave the package to the inmate.
    Q  Gave what the what?
    Record at 54. The magistrate offers one explanation: "Let the record reflect that we are all deaf. The air conditioner is kind of loud here." Record at 263.

3. The question of jurisdiction was not raised by either party, but it is incumbent on a federal court to dismiss an action whenever it appears that jurisdiction is lacking. *See Oswalt v. Scripto, Inc.*, 616 F.2d 191 (5th Cir. 1980); *Marshall v. Gibson's Products, Inc. of Plano*, 584 F.2d 668 (5th Cir. 1978).

interferred with their First Amendment rights. On the contrary, the testimony of the prisoners indicates that they were able to correspond frequently. There is no evidence that insufficient funds inhibited their desire to correspond, to obtain printed materials, or to exercise their religion.[4] Likewise, there is nothing in the record to indicate that the relief sought by the plaintiffs would enhance their enjoyment of these rights.[5] *See Warth v. Seldin*, 422 U.S. at 505–06, 95 S.Ct. at 2208–09. Therefore, the plaintiffs lacked standing to make this claim, and we vacate this portion of the district court's order and remand with instructions to dismiss.[6]

VACATED and REMANDED with instructions to DISMISS.

---

**4.** Lincoln Heard testified that he needed more money to purchase personal items such as "house shoes," and Roosevelt Youngblood stated that he needed money for "[n]ot much other than gambling and buying things." Record at 136–8 and 165.

**5.** There is not even any convincing evidence that the money order restriction causes the plaintiffs to receive less money. Roosevelt Youngblood only testified that some of his relatives who lived too far from the prison to visit are wealthier than other relatives. Record at 83. John Thomas stated that he "felt like" many more relatives would send him money but for the prison regulation. Record at 151.

**6.** In answer to another claim made by the plaintiffs, the district court also enjoined prison officials from failing to give some form of rudimentary notice and explanation to a prisoner whenever a package or letter addressed to that prisoner is returned to its sender. The defendants-appellants do not appeal that portion of the district court order, and we leave it undisturbed since the record reveals that this claim by the plaintiffs was based on a true "controversy" within the meaning of Article III.

\* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.