MESA PETROLEUM COMPANY, Petitioner,

v.

FEDERAL ENERGY REGULATORY COMMISSION, Respondent.

No. 80–2375.

United States Court of Appeals, Fifth Circuit.

Oct. 14, 1982.

Anderson, Byrd & Richeson, Richard C. Byrd, Ottawa, Kan., O'Neill, Forgotson, Roncalio & Haase, P.C., Barry L. Haase, Washington, D.C., for petitioner.

John A. Cameron, Jr., A. Karen Hill, Attys., F.E.R.C., Washington, D.C., for respondent.

Before CLARK, Chief Judge, GARZA and JOHNSON, Circuit Judges.

CLARK, Chief Judge:

Sections 503(c)(1) and 503(a)(1)(B) of the Natural Gas Policy Act[1] empower certain federal and state agencies, including the United States Geological Survey (USGS), to determine whether natural gas produced from the Outer Continental Shelf qualifies under § 102(d) of the Act for the incentive price established in § 102(b). Mesa Petroleum Company sought a ruling from the USGS that gas produced from wells penetrating a reservoir off the Louisiana coast was eligible for the incentive price. The USGS ruled against Mesa, finding that the reservoir had been discovered before July 27, 1976, and thus that § 102(d)'s requirements were not met. Mesa then filed a protest of the USGS determination with the Federal Energy Regulatory Commission. Because the Commission did not reverse or remand the USGS ruling within the forty-five days specified in § 503(b)(1)(B) and (2)(B), it became final under § 503(d). Mesa subsequently petitioned this court for review. Finding ourselves without jurisdiction to entertain this appeal, we dismiss it.

The jurisdictional issue here is purely one of statutory construction. The Commission argues that § 503 itself precludes our review of its decisions acquiescing in sub-agency determinations. Section 503(c)(4)

provides that sub-agency rulings "shall not be subject to judicial review under any Federal or State law except as provided under subsection (b) of this section." Subsection (b) in turn limits judicial review to cases in which the Commission reverses the sub-agency decision or remands the matter for further consideration. Because the Commission neither reversed nor remanded in this case, the Commission concludes that we are without jurisdiction.

Mesa agrees that § 503 provides no basis for jurisdiction. It instead relies on § 506, the general provision dealing with judicial review of orders under the Act. That section provides for review in a United States Court of Appeals of "any order, within the meaning of section 551(6) of Title 5 (other than an order assessing a civil penalty under section [504(b)(4)] or any order under section [302] or any order under section [303]), issued under this chapter ...." § 506(a)(1). Mesa asserts that if Congress had intended to preclude review of § 503 orders, that section would have been included in § 506(a)(1)'s parenthetical. At best, Mesa argues, the statutes are ambiguous, and congressional intent to provide judicial review of agency decisions should be presumed in the absence of clear and convincing evidence to the contrary. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 141, 87 S.Ct. 1507, 1511, 18 L.Ed.2d 681 (1967).

Here, however, the legislative history is crystal clear in support of the Commission's interpretation. Representative Dingell, the House Manager of the Natural Gas Policy Act and one of its foremost authorities,[2] made the following statement during House debates on the Act:

Section 506(a)(1) does not now fully reflect the separate judicial review procedures established under section 503. Section 506(a)(1) should have included a par-

---

1. The Natural Gas Policy Act is codified at 15 U.S.C. §§ 3301 *et seq.* All citations in this opinion are to the Act rather than the Code.

2. We have relied on Congressman Dingell's statements in construing the NGPA on several previous occasions. *See Columbia Gas Trans-*

*mission Corp. v. Allied Chemical Corp.*, 652 F.2d 503, 515 (5th Cir. 1981); *Pennzoil Co. v. FERC*, 645 F.2d 360, 374–76 (5th Cir. 1981), *cert. denied*, 454 U.S. 1142, 102 S.Ct. 1000, 71 L.Ed.2d 293 (1982); *Conoco, Inc. v. FERC*, 622 F.2d 796, 800 (5th Cir. 1980).

enthetical exclusion "(other than a final finding by the Commission under Section 503(b)(1) . . .)." However, the conferees are confident that these modifications are not essential to the proper operation of Section 506 judicial review provisions. Applying the rule of statutory construction that the specific controls the general, the conferees believe that the courts will properly apply these sections in a manner consistent with the explanation found on pages 118–119 of the Joint Statement of Managers. In particular, the judicial review requirements of Section 503(b) are intended to be distinct from the judicial review provisions set forth in section 506. Accordingly, section 503(c)(4) specifically provides that judicial review of section 503 determinations is to be available only under the provisions of section 503(b). 124 Cong. Rec. H13119–20 (1978). This statement makes clear that the drafters of the Act intended to preclude our review of § 503 orders except in the limited instances prescribed in § 503(b). As we have noted, the order in this case is not one that § 503(b) makes appealable.

Congressman Dingell alluded to the basic tenet of statutory construction that, where two provisions conflict, the specific controls the general. As he correctly surmised, that rule is applicable here. Mesa relies on § 506, the general section dealing with reviewability of orders under the Act. The Commission's response is based on the language of §§ 503(c)(4) and 503(b), which address specifically the reviewability of § 503 orders. As we stated in *Marshall v. Gibson's Products, Inc. of Plano*, 584 F.2d 668, 677 (5th Cir. 1978): "The specific preclusion [of jurisdiction] controls the general grant."

In sum, we are persuaded that Congress intended to provide for review of § 503 orders in this court only where the Commission and the sub-agency reach contrary conclusions. If all § 503 orders are reviewable under the general jurisdictional grant of § 506(a)(1), then § 503's provisions limiting jurisdiction are meaningless. A statute should not be construed in a way that renders part of another superfluous. *See, e.g.,* *United States v. Wong Kim Bo,* 472 F.2d 720, 722 (5th Cir. 1972).

Finally, Mesa argues that, although the Commission's order may not be reviewable generally, we nevertheless have jurisdiction to force the Commission to perform a mandatory function imposed by the Act. This function, according to Mesa, is prescribed by § 503(b)(1)(A), which provides that the Commission shall reverse any sub-agency determination that it finds not supported by substantial evidence. Mesa contends that this language invests us with jurisdiction to determine whether the USGS decision was supported by substantial evidence in order to determine whether the Commission carried out its mandatory function.

Mesa's conclusion is a non sequitur. Reversal of a sub-agency determination becomes mandatory only upon a finding by the Commission that it is not supported by substantial evidence. The Commission made no such finding here. We do not reach the question whether we would have jurisdiction if the Commission refused to reverse a sub-agency decision after finding it unsupported by substantial evidence. We hold only that the function is not mandatory unless there has been such a finding. Therefore, we need not address whether failure to exercise a mandatory function provides an independent ground of jurisdiction.

Were Mesa's mandatory function theory to prevail, we would have jurisdiction to review the sub-agency determination in every case, regardless of whether the Commission disagreed with that determination. This would give us the plenary review power of § 503 orders that Congress explicitly sought to curtail. Like Mesa's interpretation of § 506, this would render meaningless the provisions of § 503 limiting our jurisdiction.

Congress committed initial review of sub-agency determinations to the Commission. We are invested with appellate jurisdiction of such determinations only where the Commission reverses or remands them. That is not this case. The appeal is

DISMISSED.