**F. Ray MARSHALL, Secretary of Labor, U. S. Department of Labor, Petitioner-Appellee,**

v.

**ABLE CONTRACTORS, INC., Respondent-Appellant.**

**No. 76–1615.**

United States Court of Appeals, Ninth Circuit.

Jan. 10, 1978.

---

* Honorable James F. Battin, United States District Judge, District of Montana, sitting by designation.

Charles E. Snyder (argued), of Fillner & Snyder, Billings, Mont., for respondent-appellant.

Michael H. Levin (argued), Washington, D. C., for petitioner-appellee.

Before WRIGHT and CHOY, Circuit Judges, and SWEIGERT, District Judge.*

PER CURIAM:

Able Contractors (Able) appeals from a district court order compelling it to submit to inspections under the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651, et seq.[1] The Secretary of Labor sought the injunction after Able on several occasions refused inspectors access to its premises and worksites.

The crux of Able's defense was that before inspections under § 657(a) can proceed the Secretary must prove that Able is an employer "engaged in a business affecting commerce," [§ 652(5)] and therefore subject to OSHA's coverage. Able argues that the Secretary must resort to a pre-inspection evidentiary hearing, utilizing his § 657(b) subpoena powers when statutory coverage is in issue. It is also asserted that Congress would be exceeding its constitutional powers to authorize inspections without a prior showing of coverage under the Act.

Able's defense is without merit. Requiring such a hearing would totally frustrate OSHA's express objective of establishing a system of inspections executed without undue delay or advance notice. See §§ 657(a), 666(f). Furthermore, the Secretary's resort to his § 657(b) powers is, by the statute's very terms, discretionary.

---

* Senior District Judge, for the Northern District of California.

1. All references to statutory sections, unless otherwise noted, are to Title 29, United States Code.

■ Moreover, it is hardly a novel proposition that an administrative agency can utilize its investigatory or subpoena powers and that a federal court can grant relief to aid it in doing so without a prior conclusive showing of statutory coverage. *See Oklahoma. Press Publishing Co. v. Walling,* 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614 (1946); *Endicott-Johnson Corp. v. Perkins,* 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424 (1943); *Federal Maritime Comm'n v. Port of Seattle,* 521 F.2d 431 (9th Cir. 1975).

■ Generally the agency should make the initial determination of its own jurisdiction. *State of Cal. ex rel. Christensen v. F. T. C.,* 549 F.2d 1321 (9th Cir. 1977). Primary jurisdiction to determine questions of OSHA coverage is lodged in the statutorily created organ for hearing appeals of OSHA violation citations, the Occupational Safety and Health Review Commission. *Matter of Restland Memorial Park,* 540 F.2d 626 (3rd Cir. 1976). Able should raise the question of statutory coverage in an administrative appeal contesting the validity of any citation it may receive as a result of OSHA inspections.

■ Before a federal court reviews the question of OSHA jurisdiction, sound judicial policy requires that Able exhaust its administrative remedies. *Parisi v. Davidson,* 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972); *State of Cal. ex rel. Christensen v. F. T. C., supra; Am. Fed. of Gov't Employees, Local 1668 v. Dunn,* 561 F.2d 1310 (9th Cir. 1977). *See also Lone Star Cement Corp. v. F. T. C.,* 339 F.2d 505 (9th Cir. 1964).

Application of the exhaustion of remedies doctrine is appropriate here. Able would not be exposed to irreparable injury by a requirement that it first contest in an administrative forum whether it is within OSHA's reach. There appears to be little doubt about jurisdiction,[2] and the administrative agency is particularly competent to consider the question of statutory coverage. *State of California ex rel. Christensen v. F. T. C., supra; Lone Star Cement Corp. v. F.*

*T. C., supra,* 339 F.2d at 510 *citing* 3 K. Davis, Administrative Law Treatise § 20.03 (1958 ed.).

■ Able raises for the first time on appeal the issue whether OSHA inspections are searches subject to the reasonableness requirements of the Fourth Amendment. Specifically it argues that the Secretary's inspectors must first obtain a search warrant on probable cause before they can demand access to Able's premises.

At no point in the proceedings below was the Fourth Amendment issue raised. Able's sole objection to the inspections, until it drafted its brief for this appeal, was that it had not been proven to be an employer affecting commerce prior to the attempts to compel obedience to the statute. Because it never raised the issue below, we hold that its Fourth Amendment claim was not timely asserted and was waived for purposes of this appeal. *Usery v. Godfrey Brake & Supply Service,* 545 F.2d 52 (8th Cir. 1976). Accordingly, we do not address the search and seizure issue.

The judgment of the district court is affirmed.

---

**2.** We have previously recognized that when Congress enacted OSHA it intended to exercise its commerce clause powers to the fullest ex-

tent. *Godwin v. Occupational Safety and Health Review Commission,* 540 F.2d 1013, 1015 (9th Cir. 1976).