**Ray MARSHALL, Secretary of Labor, Petitioner-Appellant,**

v.

**BURLINGTON NORTHERN, INC., Respondent-Appellee.**

**No. 75–3184.**

United States Court of Appeals, Ninth Circuit.

April 19, 1979.

As Amended July 24, 1979.

**512**

William G. Staton (argued), Washington, D.C., for petitioner-appellant.

Stephen H. Foster (argued), Billings, Mont., for respondent-appellee.

Before CHAMBERS, KILKENNY and HUG, Circuit Judges.

HUG, Circuit Judge:

The Secretary of Labor appeals the district court's order preventing an Occupational Safety and Health Administration compliance officer from inspecting Burlington Northern, Inc.'s railroad yard facilities at Laurel, Montana. The district judge ruled that OSHA's jurisdiction did not extend to Burlington's Laurel operations because the Federal Railroad Administration (FRA) declared an intent to exercise its statutory authority in promulgating and enforcing standards affecting the occupational safety and health of Burlington's Laurel employees. We find that Burlington prematurely raised, and the district court improperly considered, the question of OSHA's jurisdiction, because the doctrine of exhaustion of administrative remedies requires that this jurisdictional dispute be initially ruled upon by the Occupational Safety and Health Review Commission. We therefore reverse and remand.

*Facts*

On March 11, 1975, Duane Edgar, an OSHA compliance officer, acting pursuant to § 8(a) of the Occupational Safety and Health Act, 29 U.S.C. § 657(a), conducted a safety inspection at Burlington's Laurel facilities. He found what he contended were numerous violations of various OSHA safety regulations, including those relating to noise and air pollution. Those noise and air pollution violations were referred to Bobby Glover, an OSHA industrial hygienist, who, pursuant to § 8(a), went to the Laurel operation for further inspection on April 3, 1975. Burlington denied his entry, contending that the FRA, rather than OSHA, had jurisdiction over the occupational safety and health of its employees.

As a result of Burlington's refusal to permit Glover's entry, the Secretary of Labor, on April 10, 1975, petitioned the district court for an order to compel entry. On May 13, 1975, the court denied the petition on the basis of § 4(b)(1) of the Act, 29 U.S.C. § 653(b)(1), which withdraws OSHA's jurisdiction over those safety matters regulated by other federal agencies. Specifically, the trial judge, relying on the FRA's advance notice of proposed rulemaking, 40 Fed.Reg. 10,693 (1975), found that the FRA had preempted OSHA's jurisdiction over Burlington's Laurel facilities by declaring an intent to exercise its statutory authority in establishing and enforcing standards affecting the occupational safety and health of Burlington's Laurel employees. Subsequent to the trial judge's decision, the FRA, in 43 Fed.Reg. 10,583 (1978)

withdrew its notice of proposed rulemaking and issued a policy statement concerning the respective jurisdiction of the FRA and OSHA. At no time has OSHA's jurisdiction been contested before the OSHRC.

*Discussion*

█ It is well established in administrative law that before a federal court considers the question of an agency's jurisdiction, sound judicial policy dictates that there be an exhaustion of administrative remedies. *Marshall v. Able Contractors, Inc.*, 573 F.2d 1055, 1057 (9th Cir. 1978); *State of California ex rel. Christensen v. FTC*, 549 F.2d 1321, 1323 (9th Cir.), *cert. denied*, 434 U.S. 876, 98 S.Ct. 227, 54 L.Ed.2d 156 (1977); *Lone Star Cement Corp. v. FTC*, 339 F.2d 505, 509–10 (9th Cir. 1964). This "makes sense in terms of both judicial economy and agency efficiency", *State of California ex rel. Christensen v. FTC*, 549 F.2d at 1324, because it permits "an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies". *Parisi v. United States*, 405 U.S. 34, 37, 92 S.Ct. 815, 818, 31 L.Ed.2d 17 (1972).

█ The exhaustion doctrine fundamentally requires that an agency be accorded an opportunity to determine initially whether it has jurisdiction. *Marshall v. Able Contractors, Inc.*, 573 F.2d at 1057; *State of California ex rel. Christensen v. FTC*, 549 F.2d at 1324. Here "[p]rimary jurisdiction to determine questions of OSHA coverage is lodged in the statutorily created organ for hearing appeals of OSHA violation citations, the Occupational Safety and Health Review Commission". *Marshall v. Able Contractors, Inc.*, 573 F.2d at 1057. *See also In re Restland Memorial Park*, 540 F.2d 626 (3d Cir. 1976). The policy behind the exhaustion doctrine is well served in this case since "a determination of [§ 4(b)(1)] preemption requires an inquiry into complex issues of law and fact. Accordingly, it is proper for a court to defer examination of such difficult questions of agency jurisdiction until a party has fully exhausted its administrative remedies. . . [T]he agency will be given a chance to apply its expertise". *Marshall v. Northwest Orient Airlines, Inc.*, 574 F.2d 119, 122 (2d Cir. 1978).

█ Judicial intervention prior to an agency's initial determination of its jurisdiction is appropriate only where: (1) there is clear evidence that exhaustion of administrative remedies will result in irreparable injury; (2) the agency's jurisdiction is plainly lacking; and (3) the agency's special expertise will be of no help on the question of its jurisdiction. *Casey v. FTC*, 578 F.2d 793, 796 (9th Cir. 1978); *Marshall v. Able Contractors, Inc.*, 573 F.2d at 1057; *State of California ex rel. Christensen v. FTC*, 549 F.2d at 1323; *Lone Star Cement Corp. v. FTC*, 339 F.2d at 510, *citing* 3, K. Davis, Administrative Law Treatise, § 20.03 (1958 ed.). Under this test, there is little question that Burlington prematurely raised, and the district court improperly considered, the question of OSHA's jurisdiction over the Laurel operation. Adjudication of Burlington's jurisdictional defense before the OSHRC will present it with no irreparable injury unrelated to the contested citations which it may receive. We are unable to say that OSHA's jurisdiction is plainly lacking. Finally, even though this jurisdictional question is more a question of law than fact, even questions of statutory interpretation are better left to an initial review by the agency itself for application of its specialized expertise in the area. *Casey v. FTC*, 578 F.2d at 798, *State of California ex rel. Christensen v. FTC*, 549 F.2d at 1324.

The proper procedure to be followed in cases such as this is well summarized in *In re Restland Memorial Park*, 540 F.2d at 628, where the court stated:

The Review Commission would appear competent to consider the scope of the Act's coverage. If a citation is issued, and if the employer chooses to contest the citation, the Secretary is obliged to serve a formal complaint setting forth, *inter alia*, the basis for jurisdiction. The Review Commission must then decide whether the agency has exceeded its jurisdiction . . . .. The decision of the

**514**

Commission would then be subject to review by a Court of Appeals (footnotes omitted).

Burlington invites us to affirm on the ground that OSHA attempted to conduct a warrantless search. We decline to do so even though *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), clearly held that a warrant is required for OSHA inspections. Instead we direct that the judgment of the district court be vacated and the cause remanded with instructions to permit OSHA to file an *ex parte* petition for an inspection warrant in accordance with the standards outlined in *Barlow's, supra,* at 320–321, 98 S.Ct. 1816. In the event an inspection warrant is issued, a search is made, and proceedings are thereafter instituted before OSHRC, Burlington may raise its OSHA jurisdictional issue as well as any other appropriate issues before that body with review before the court of appeals, if necessary.