**In the Matter of WORKSITE INSPECTION OF S. D. WARREN, DIVISION OF SCOTT PAPER.**

Misc. 79–69 P.

United States District Court,
D. Maine.

Dec. 14, 1979.

Albert H. Ross, Regional Sol., Nicholas J. Laezza, Ronald C. Glover, U. S. Department of Labor, Boston, Mass., for petitioner.

Peter H. Jacobs, Portland, Me., for respondent.

## MEMORANDUM AND ORDER OF THE COURT

GIGNOUX, Chief Judge.

This matter is before the Court upon the motion of the Secretary of Labor to vacate an order of the United States Magistrate entered September 25, 1979 permitting counsel for the S. D. Warren Division of Scott Paper Company (Warren) to be present and to be heard at a hearing on the Secretary's application for an administrative inspection warrant pursuant to the Occupational Safety and Health Act of 1970 (the Act), 29 U.S.C. § 651 *et seq.*

On September 10, 1979, a compliance officer of the Occupational Safety and Health Administration (OSHA) attempted to conduct a follow-up inspection of Warren's mill at Westbrook, Maine. Warren refused to permit the inspection. Warren's counsel then notified the Clerk of this Court and the Magistrate of his desire to be present and to participate in any subsequent warrant proceeding. When OSHA later sought an *ex parte* warrant from the Magistrate, the Magistrate informed OSHA of Warren's request. OSHA objected to· the request, and, after receiving written and oral arguments, the Magistrate issued the order from which the Secretary now appeals.

The appeal presents the following questions: (1) whether the Secretary has the authority to proceed *ex parte* to seek an inspection warrant; if so, (2) may a magistrate, in his discretion, permit the employer to appear and contest the issuance of the warrant; and if so, (3) did the Magistrate abuse that discretion in this case. Having considered the written and oral arguments of counsel, the Court has concluded that the Secretary has the authority to obtain a warrant *ex parte* and that a magistrate may not permit the employer to appear and contest the issuance of the warrant. The Court need not, therefore, reach the further question of whether the Magistrate abused his discretion in this case.

1. *The Secretary's Authority to Seek an Ex Parte Inspection Warrant*

■ Section 8(a) of the Act, 29 U.S.C. § 657(a), authorizes the Secretary of Labor, upon presenting appropriate credentials, "to enter without delay" a factory or plant to inspect and investigate any place of employment and the conditions therein. Section 8(g)(2) of the Act, 29 U.S.C. § 657(g)(2), directs the Secretary to "prescribe such rules and regulations as he may deem necessary to carry out [his] responsibilities under this chapter, including rules and regulations dealing with the inspection of an employer's establishment." There is no dispute that the Secretary has the statutory

authority to promulgate a regulation which provides that he can proceed *ex parte* to seek an inspection warrant. *See Marshall v. Barlow's, Inc.,* 436 U.S. 307, 320 n. 15, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978).

In 1971, almost immediately after the Act became effective, the Secretary, pursuant to his rulemaking authority, and after notice and comment, promulgated the regulation, 29 C.F.R. § 1903.4, prescribing the procedure to be followed by a compliance officer when an employer refuses him entry. 36 Fed.Reg. 17,850, 17,851 (1971). That regulation directed that the compliance officer shall terminate the inspection, shall attempt to determine the reason for the refusal, and shall immediately report the refusal and the reason therefor to the Area Director. The Area Director shall then immediately consult with the Assistant Regional Director and the Regional Solicitor, "who shall promptly take appropriate action, *including compulsory process,* if necessary." *Id.* (emphasis supplied).

Effective December 22, 1978, 29 C.F.R. § 1903.4, was amended, without notice or comment, by an "interpretative rule" which, *inter alia,* defined the term "compulsory process" appearing in the regulation to mean "the institution of any appropriate action, including *ex parte* application for an inspection warrant or its equivalent." 29 C.F.R. § 1903.4(d); 43 Fed.Reg. 59,839 (1978). The Secretary explained in his accompanying comments that the amendment was necessary because of the Supreme Court's dictum in *Marshall v. Barlow's, Inc., supra* at 318, 98 S.Ct. at 1823, that "the kind of process . . . apparently anticipated by the regulation [29 C.F.R. § 1903.4] provides notice to the business operator." He explained:

In originally promulgating this regulation, the agency had intended the phrase "compulsory process" to include any appropriate action necessary to compel entry to a workplace. Indeed, agency representatives routinely sought and received *ex parte* warrants as one of the means for securing entry to workplaces before the *Barlow's* decision. However,

since a question has been raised as to the meaning of the regulation, and in order to remove any doubt on this important matter, the regulation is being amended to make explicit that the Secretary is authorized to obtain *ex parte* warrants or their equivalent. *Id.*

The Secretary also explained:

General notice of proposed rulemaking, public participation therein and delay in effective date are not required by 5 U.S.C. § 553 [Section 4 of the Administrative Procedure Act], since this section is an interpretive rule, general statement of policy and rule of agency procedure and practice. *Id.*

It is clear that the 1978 amendment to 29 C.F.R. § 1903.4, presently 29 C.F.R. § 1903.-4(d), on its face permits the Secretary to apply *ex parte* for the issuance of an inspection warrant and authorizes the issuance of an *ex parte* warrant in the instant case. Warren contends, however, that the 1978 amendment was not properly promulgated because it was adopted without the general notice and opportunity for public comment required by Section 4 of the Administrative Procedure Act, 5 U.S.C. § 553. In support of this position, Warren relies on *Cerro Metal Products v. Marshall,* 467 F.Supp. 869 (E.D.Pa.1979). This Court disagrees.

█ The rulemaking requirements of Section 4 of the Administrative Procedure Act do not apply to "interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b)(A). This Court agrees with the Secretary that the 1978 amendment to 29 C.F.R. § 1903.4 was an interpretative rule by which the Secretary reaffirmed his consistent prior interpretation of the term "compulsory process" as including *ex parte* warrants.

The record discloses that the original OSHA Compliance Operations Manual, at V–6—V–8 (January 1972), interpreted 29 C.F.R. § 1903.4 to authorize *ex parte* inspection warrants. Subsequent editions of the OSHA Operations Manual have continued this interpretation. *See* Field Operations Manual at V–4—V–5 (July 1974); Field

Operations Manual at V–4—V–5 (January 1976); Field Operations Manual at V–4—V–5 (November 1977); Field Operations Manual at V–4—V–5 (August 1978). In addition, there is no question that throughout the years OSHA has repeatedly sought and received *ex parte* inspection warrants, without challenge. *See, e. g., In re Worksite Inspection of Quality Products, Inc.,* 592 F.2d 611, 612 (1st Cir. 1979); *In re Establishment Inspection of Gilbert & Bennett Manufacturing Co.,* 589 F.2d 1335, 1337 (7th Cir. 1979); *Pelton Casteel, Inc. v. Marshall,* 588 F.2d 1182 (7th Cir. 1978).

The contemporaneous administrative construction of 29 C.F.R. § 1903.4 in the original Compliance Operations Manual is entitled to great weight in interpreting that regulation. *Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Brennan v. Gibson's Products, Inc.,* 407 F.Supp. 154, 162–63 (E.D.Tex.1976) (three-judge district court), *vacated on other grounds sub nom. Marshall v. Gibson Products, Inc.,* 584 F.2d 668 (5th Cir. 1978). And its ongoing interpretation, evidenced in the later manuals and in the actions of OSHA inspectors seeking warrants, demonstrates that the 1978 amendment to 29 C.F.R. § 1903.4 defining "compulsory process" to include *ex parte* warrants did not effect any change in the meaning of the regulation. Thus, the record is wholly consistent with the Secretary's explanation accompanying the amendment that the *Barlow's* decision made the interpretation of 29 C.F.R. § 1903.4 unclear and that the amendment was necessary "to remove any doubt on this important matter." 43 Fed.Reg. 59,839 (1978).

The district court in *Cerro Metal Products* construed the Supreme Court dictum in *Barlow's* as "dictum integral to the constitutional holding" and concluded that to interpret 29 C.F.R. § 1903.4 as permitting *ex parte* warrants would be "to overrule the Supreme Court." *Cerro Metal Products v. Marshall, supra* at 876. *Barlow's,* however, concerned the constitutionality of warrantless OSHA inspections. The Court held that OSHA inspectors must seek an administrative warrant prior to such inspections.

*Marshall v. Barlow's, Inc., supra* 436 U.S. at 325, 98 S.Ct. 1816. The question of whether the Secretary's regulation authorized him to seek *ex parte* inspection warrants was only tangentially relevant to the Court's analysis and holding. Moreover, the Court did not definitively state that the regulation anticipated notice to the employer, but only that the regulation "apparently" did so. *See id.* at 318, 98 S.Ct. 1816. It is evident that the parties did not litigate the issue and that the Court's passing observation cannot be accepted as a binding holding by that Court.

■ Since the 1978 amendment to 29 C.F.R. § 1903.4 merely clarified, without substantively modifying, the existing regulation, it did not "have a substantive impact on those regulated." *Texaco, Inc. v. Federal Power Commission,* 412 F.2d 740, 744 (3rd Cir. 1969). Such being the case, it constituted an "interpretative rule" exempted from the requirements of Section 4 of the Administrative Procedure Act. It was, therefore, validly promulgated and fully effective prior to the *ex parte* warrant application in the present case. *Accord, Marshall v. W & W Steel Co.,* 604 F.2d 1322 (10th Cir. 1979); *Marshall v. Burlington Northern, Inc.,* 595 F.2d 511 (9th Cir. 1979); *Marshall v. Shellcast Corp.,* 592 F.2d 1369 (5th Cir. 1979); *Marshall v. Trinity Industries, Inc.,* Empl. Safety & Health Guide (CCH) ¶ 23,943 (W.D.Okl. Oct. 15, 1979); *In re Establishment Inspection of Sauget Industrial Research & Waste Treatment Association,* 477 F.Supp. 88 (S.D.Ill.1979); *In re Establishment Inspection of Urick Property,* 472 F.Supp. 1193 (W.D.Pa.1979). *See In re Establishment Inspection of Stoddard Lumber Co.,* Civ. No. M–S–1931 (D. Idaho Jan. 24, 1979). *Contra, Cerro Metal Products v. Marshall, supra.*

2. *The Magistrate's Discretion to Permit the Employer to Appear and Contest the Issuance of an Inspection Warrant*

Congress has declared that a purpose of the Act is "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions and to

preserve our human resources . . . by providing an effective enforcement program which shall include a prohibition against giving advance notice of any inspection . . . ." 29 U.S.C. § 651(b)(10). Implementing this objective, Section 8(a) of the Act, 29 U.S.C. § 657(a), authorizes the Secretary of Labor, upon presenting appropriate credentials, "to enter without delay" any worksite, and Section 17(f) of the Act, 29 U.S.C. § 666(f), imposes criminal penalties upon any person who, without authority, gives advance notice of an inspection. These provisions evidence the intent of Congress to insure that OSHA inspections may proceed without delay and "to preserve the element of surprise deemed essential to inspections under [Section 8(a)]." *Marshall v. Gibson's Products, Inc., supra,* 584 F.2d at 673; *Marshall v. Shellcast Corp., supra* at 1371–72. *See Marshall v. Barlow's, Inc., supra* 436 U.S. at 316–20, 98 S.Ct. 1816.

■ Obviously, to permit an employer to appear before the magistrate and contest the issuance of an inspection warrant would conflict with the explicit congressional policy that OSHA inspections be undelayed and without notice. In addition, the Court agrees with the Secretary that an adversary proceeding, such as is sought by Warren in this case, could only result in an unreasonable and unnecessary burden on the Secretary. The inevitable effect would be to "undermine the efficient and speedy implementation of the Act" contemplated by Congress, *Marshall v. Shellcast Corp., supra* at 1372; *In re Establishment Inspection of Sauget Industrial Research & Waste Treatment Association, supra* at 90, and to require an unwarranted "consumption of enforcement energies" that would "exceed manageable proportions." *Marshall v. Barlow's, Inc., supra* 436 U.S. at 321, 98 S.Ct. 1816; *In re Establishment Inspection of Gilbert & Bennett Manufacturing Co., supra* at 1342. The employer has sufficient alternate means to protect his right of privacy without participating in the warrant application proceeding. He may move before the district court to quash the warrant prior to its execution, *Pelton Casteel, Inc. v. Marshall, supra; Marshall v. Pool Offshore*

*Co.,* 467 F.Supp. 978, 981 (W.D.La.1979), or he may preserve his rights through the administrative hearing stage and challenge the final OSHA order in the enforcement proceeding before the Court of Appeals, *see* 29 U.S.C. § 660(a), because the order is based on evidence obtained by an invalid warrant. *In re Worksite Inspection of Quality Products, Inc., supra* at 615 n. 7. The employer may also refuse entry pursuant to the warrant and then challenge the warrant before the district court when the Secretary brings civil contempt proceedings. *Blocksom & Co. v. Marshall,* 582 F.2d 1122, 1124 (7th Cir. 1978); *Pelton Casteel, Inc. v. Marshall, supra.* The foregoing procedures are more than adequate to protect the employer's right to be free from unreasonable searches.

■ In sum, the Court is persuaded that employer participation at a warrant application hearing not only would frustrate congressional policy as expressed in the Act, but also would seriously impede the efficiency of inspection that is necessary in any administrative search. Moreover, such participation is not necessary to protect the employer's rights. Accordingly, the Court holds that a magistrate does not have discretion to allow the employer to appear and contest the issuance of an OSHA inspection warrant.

\* \* \*

The Secretary's motion to vacate the order of the United States Magistrate entered September 25, 1979 permitting Warren's counsel to be present and to be heard at a hearing on the Secretary's application for an administrative inspection warrant under the Act is GRANTED and the cause is REMANDED to the Magistrate for further proceedings consistent herewith.

IT IS SO ORDERED.