THE HONORABLE MICHAEL H. KEEDY, DISTRICT JUDGE,
dissenting:*
I would affirm the decision of the District Court. The March 1, 1982 order of the Public Service Commission prohibited Montana Power Company from implementing its reorganization plan pending an investigation by the Commission to determine whether it would have jurisdiction over the plan. Under these circumstances, the order was a proper exercise of the Commission’s regulatory authority.
The Montana legislature has invested the Commission “with full power of supervision, regulation, and control of (Montana Power), subject to the provisions of (Chapter 3 of Title 69, MCA) . . .” Section 69-3-102, MCA. Provisions of Chapter 3 give the Commission specific powers of regulation and control over services provided and rates imposed by Montana Power. See sections 69-3-108 and Part 3 of Chapter 3, Title 69, MCA. On the other hand, it may not have the power to correct or to neutralize a utility’s abuses of its corporate, managerial rights if the reorganization proposed has already taken place. Because this corporate plan has the potential to irreparably impair Montana Power’s services, or to insulate decisions bearing upon power rates from the control and supervision of the Commission, and *386 because these potential effects are clearly within the Commission’s regulatory authority, an investigation before the fact is proper, warranted, and also within the Commission’s authority.
The Commission by its order has not substituted or attempted to substitute its own judgment for that of Montana Power’s Board of Directors, as no decision regarding corporate reorganization has been made by the Commission. When such a decision is made, if it is, Montana Power can then seek judicial relief from any claimed harm. In the meantime, however, the Commission must be allowed to exercise its regulatory authority in the first instance to determine the nature and extent of any adverse impact which the reorganization as proposed would have upon rates or services, and the scope of its own jurisdiction in regulating, controlling, or even prohibiting corporate endeavors if harmful effects can fairly be anticipated, and are determined to be material.
As indicated, the investigation would result only in a determination of whether the Commission has jurisdiction over Montana Power’s reorganization plan. It is a well-established principle of law that an administrative agency has the right and duty, in the first instance, to determine the extent of its own jurisdiction over actions by companies which come under its reach. Marshall v. Burlington Northern, Inc. (9th Cir.1979), 595 F.2d 511; Marshall v. Able Contractors, Inc. (9th Cir.1978), 573 F.2d 1055.
Allowing Montana Power to proceed with its reorganization while the Commission investigates to determine its jurisdiction could result in a holding company structure which would insulate the utility’s rates and services from further review by the Commission. The Commission’s statutorily-granted regulatory powers would thereby be rendered totally useless. Without the authority to stay the reorganization pending its “jurisdiction” investigation, the Commission is stripped of any ability it might otherwise have to control Montana Power for the common good.
*387 “Public service ‘commissions are generally empowered to, and are created with the intention that they should, regulate public utilities insofar as the powers and operations of such utilities affect the public interest and welfare.’ 64 Am.Jur.2d, Public Utilities, § 232, p. 740.” Northwestern Bell Telephone Co. v. Hagen (N.D.1975), 234 N.W.2d 841, 845.
To reiterate, the Commission’s order assists in the implementation of its right to determine whether it has jurisdiction over Montana Power’s reorganization. The Commission has not sought unlimited authority over Montana Power’s managerial decisions, nor does the District Court’s decision confer any such authority upon the Commission. Rather, the Commission is merely attempting to effectively exercise its authority, under section 69-3-106(1), MCA, to inquire into the management of the business of Montana Power.
The exercise of that authority would be an empty ceremony if, while such an inquiry were being conducted, the Commission could not prohibit execution of the proposed management decision. This is particularly true where the decision, once made, may become incapable of being reversed by the Commission and may have permanent and deleterious effects upon the utility’s rates and services.
Finally, Montana Power has neither alleged nor demonstrated any irreparable harm as a result of the Commission’s order. No actual changes in the reorganization plan can be mandated by the Commission without a full hearing, after which Montana Power could seek judicial relief from any claimed harm. Sections 69-3-324 through 69-3-326, MCA. Thus, Montana Power’s due proves rights were not violated by the Commission’s order and will be fully protected in the future.
The March 1, 1982 order by the Public Service Commission was in furtherance of the Commission’s responsibility to protect “future, as well as present, consumer interests.” In re Permian Basin Area Rate Cases, 390 U.S. 747, 798, 88 S.Ct. 1344, 1376, 20 L.Ed.2d 312, 353-354; reh. den. 392 *388 U.S. 917, 88 S.Ct. 2050, 20 L.Ed.2d 1379 (1968). It should be upheld.

Sitting in place of MR. JUSTICE SHEEHY.