122 F.3d 1070
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph A. DEMONTE, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA; United States Parole Commission,
Respondents-Appellees.
 No. 96-56254.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997**
Aug. 27, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-96-00844-WDK; William D. Keller, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Joseph A. DeMonte, a federal prisoner, appeals pro se the district court's dismissal without prejudice of his 28 U.S.C. § 2241 petition. DeMonte contends that the district court erred because he did not need to exhaust his administrative remedies before filing his habeas petition, and because the Parole Commission lacked legal authority to revoke his parole. We review de novo the district court's dismissal of a petition for habeas corpus, See United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997). We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and we affirm.
 
 
 3
 DeMonte contends that he is not required to exhaust his administrative remedies before challenging the jurisdiction of the Parole Commission, because exhaustion of jurisdictional claims is not statutorily mandated. This claim lacks merit.
 
 
 4
 Before bringing a habeas petition, a federal prisoner must exhaust administrative remedies by raising his issues before the Parole Commission's National Appeals Board. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986) (per curiam). Because exhaustion is not jurisdictional, the district court, in its discretion, may excuse the failure to exhaust and reach the merits of the issue, or require the petition to exhaust his administrative remedies before proceeding to court. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990). "It is well established in administrative law that before a federal court considers the question of an agency's jurisdiction, sound judicial policy dictates that there be an exhaustion of administrative remedies." General Atomics v. United States Nuclear Regulatory Comm'n, 75 F.3d 536, 541 (9th Cir.1996) (quoting Marshall v. Burlington Northern, Inc., 595 F.2d 511, 513 (9th Cir.1979)) (internal quotations omitted). An agency should be afforded the initial opportunity to determine its jurisdiction, unless: (1) there is evidence that exhaustion will cause irreparable harm; (2) the agency clearly lacks jurisdiction; and (3) the agency will be unable to answer the jurisdictional question. See id.
 
 
 5
 Here, the district court gave deference to well-established administrative law policy when it declined to reach the merits of DeMonte's jurisdictional claim, since he failed to raise the issue before the Parole Commission's National Appeals Board. See id.
 
 
 6
 Even though DeMonte argues that exhausting the jurisdictional issue would be futile, and believes that federal courts are the only entities that can resolve jurisdictional issues, he cannot prevail. DeMonte's futility argument is speculative at best. Additionally, he has failed to affirmatively show that an exception applies to his case. See id. Because an agency is generally accorded the first opportunity to determine its jurisdiction, see id., the district court did not err by dismissing his section 2241 petition without prejudice, see Pirro, 104 F.3d at 299.[1]
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. DeMonte's motion to expedite the appeal is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because DeMonte's petition was properly dismissed, we decline to consider the merits of his jurisdictional claim