UNITED STATES of America

v.

**Richard A. TONRY and John W. Mumphrey.**

**Cr. A. No. 77–260.**

United States District Court, E. D. Louisiana.

June 27, 1977.

Cornelius R. Heusel, Daniel A. Bent, Asst. U. S. Attys., New Orleans, La., for United States.

John R. Martzell, Robert Glass, John W. Reed, New Orleans, La., for defendant Tonry.

Edward M. Baldwin, New Orleans, La., for defendant Mumphrey.

IN RE: MOTION OF RICHARD A. TONRY AND JOHN W. MUMPHREY TO DISMISS THE INDICTMENT

SCHWARTZ, District Judge.

This matter came on for hearing on June 25, 1977. After careful consideration of the record in this matter, the memoranda and oral arguments of counsel, and the law, it is the opinion of the Court, for the reasons

hereinafter set out, that the motion of defendants Richard A. Tonry and John W. Mumphrey to dismiss the indictment should be and the same is hereby DENIED.

Defendants Tonry and Mumphrey are charged in an eleven count indictment. Counts I through X of the indictment name both Messrs Tonry and Mumphrey as defendants, Count XI charging Mr. Mumphrey alone. Count I of the indictment charges defendants with a conspiracy to obstruct justice in violation of 18 U.S.C. § 371. Counts II, III and IV charge defendants with promising benefits for political contributions in violation of 18 U.S.C. § 600 and § 2. Counts V through IX charge defendants with accepting political contributions in violation of the Federal Elections Campaign Act (2 U.S.C. §§ 431–441j) particularly 2 U.S.C. §§ 441a(f) and 441j(a), as well as 18 U.S.C. § 2. Count X of the indictment charges both defendants with obstruction of justice in violation of 18 U.S.C. § 1503 and 18 U.S.C. § 2. In Count XI defendant Mumphrey is charged with violation of 18 U.S.C. § 1623 regarding false declarations before a grand jury.

By means of the instant motion, defendants move to dismiss the entire indictment in the case on several grounds. First, that pursuant to the Federal Election Campaigns Act, 2 U.S.C. § 431 et seq., the Federal Election Commission has primary and exclusive jurisdiction to investigate and enforce violations of that act, with prosecution only permitted by referral to the Department of Justice by the Commission or in the event of Commission misconduct. Defendants assert that the indictment herein is improper in that defendants have been charged with Title 2 violations although no investigation of such violations was ever undertaken by the Commission or referred by the Commission to the Department of Justice.

Second, defendants claim that they have been denied due process of law in that they were not afforded an opportunity to obtain, through Commission proceedings a conciliation agreement which, according to the Act, is admissible in a criminal prosecution as evidence of lack of intent.

Finally, alleging that the Title 2 charges are brought illegally, defendants seek dismissal of the entire indictment for the reason that the charged violations of Title 18 require consideration of the improper Title 2 charges thereby tainting the entire indictment.

The Government opposes the motion on all counts.

 The Attorney General is vested with the authority and responsibility to enforce all criminal statutes passed by Congress. 28 U.S.C. § 516; *In Re Subpoena of Perisco*, 522 F.2d 41, 54 (2nd Cir. 1975); *U. S. v. Cox*, 342 F.2d 167, 171 (5th Cir.) cert. den'd. sub nom *Cox v. Hauberg*, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). Although Congress may specifically limit the authority of the Attorney General with reference to civil or criminal litigation, there must be an express declaration of such intent and it may not be inferred. *U. S. v. California*, 332 U.S. 19, 67 S.Ct. 1658, 91 L.Ed. 1889 (1947).

 The fact that a particular statute provides authority for an agency or department to conduct administrative proceedings does not, in the absence of a specific prohibition to the contrary, prevent the Attorney General (and the Grand Jury) from proceeding under their general powers. *U. S. v. Morgan*, 222 U.S. 274, 32 S.Ct. 81, 82, 56 L.Ed. 198 (1911).

The Federal Election Commission is granted exclusive primary jurisdiction with respect to civil enforcement of the Act. 2 U.S.C. § 437c(b)(1); 2 U.S.C. § 437d(e). The Commission is charged with making civil investigations upon a signed complaint or if it has reason to believe that violations of the Act have occurred. 2 U.S.C. §§ 437d and 437g. Following notification to the party involved, the Commission is required to investigate the matter expeditiously. 2 U.S.C. § 437d(e), 2 U.S.C. § 437g(a)(2)–(3)(A). In the event that a conciliation agreement can be reached in an investigation conducted by the Commission, such agreement may be introduced in a criminal

action brought for violation of the Act for the purpose of showing lack of willful intent and may also be considered in mitigation of sentence. 2 U.S.C. § 441j(b) and (c)(2). However, conciliation proceedings are not required when the Commission determines that there is probable cause to believe that a knowing and willful violation of the Act has occurred or is about to occur. 2 U.S.C. § 437g(a)(5)(D).

At no place in the statute is specific provision made prohibiting the Attorney General from going forward with criminal investigation without a referral by the Commission. In the absence of such a specific provision the general authority of the Attorney General to proceed cannot be limited. *U. S. v. California, supra; U. S. v. Morgan, supra.*

The legislative history of the Act lends support to the conclusion that criminal action by the Department of Justice is not dependent upon referral from the Commission. During the course of debate on passage of the Act, Congress withdrew a provision which would have made a conciliation agreement from the Commission a bar to a criminal prosecution. Substituted was the provision making such an agreement admissible in the criminal action with respect to the issue of intent. The motivation behind this amendment was to provide a necessary check on the Commission. (Congressional Record-Senate, March 17, 1976, p. S–3696). Clearly the implication is that the conclusions of the Commission cannot serve as a bar to a criminal prosecution arising from an alleged willful or intentional violation of the Act.

Defendants claim violation of their entitlement to due process of law as the result of not having an opportunity to obtain a conciliation agreement.[1] However, according to the Act, even in a situation in which the Commission takes initial cognizance of the matter, there is no guarantee of an opportunity to obtain a conciliation agreement. If the Commission determines that a willful violation is occurring or about to occur, no conciliation proceedings are required. The requirement of a determination of probable cause by the Commission prior to directly referring a matter without conciliation proceedings to the Attorney General does not in any manner curtail the power of the Attorney General to investigate and prosecute criminal violations. *United States v. Donald Jackson*, U.S.D.C. W.D.N.Y., Cr. 76–146, June 14, 1977.

Defendants herein are charged with willful violations of the Act. They cannot be convicted unless the Government proves as to each and every charged violation of the Act that the violation, if any, was in fact knowing and willful. Defendants are not denied due process by the fact that they have no conciliation agreement to introduce into evidence in this case, there being no guarantee that they would have had one had the matter been initially investigated by the Commission, and there being no possibility of conviction for the Title 2 offenses unless a jury of 12 determines that the element of intent is satisfied beyond a reasonable doubt.

Defendants' contention that the indictment must be dismissed in its entirety because of the inclusion of Title 2 violations is likewise without merit in light of the Court's holding that Title 2 violations are properly the subject of the indictment by the Attorney General.

Moreover, even assuming that the Title 2 violations are improperly brought, this fact would not serve to taint the entire indictment. Defendants have not submitted, nor is the Court aware of authority for this proposition. There is no allegation that the Grand Jury was not lawfully in session and conducting a legitimate inquiry pursuant to Title 18. Alleged obstruction of and/or misstatements to a lawfully con-

---

1. The affidavits on file show that on November 4 of 1976 Robert Livingston filed a complaint with the Commission. No action appears to have been taken in connection with same. Counsel for defendants stated at the hearing that their clients had not availed themselves of the right granted by Section 437g(a)(9) to file a petition with the United States District Court for the District of Columbia, causing the Commission to act.

stituted Grand Jury acting within the scope of its authority can properly be made the subject of a criminal indictment.