# Litigating Authority of the Office of Federal Inspector, Alaska Natural Gas Transportation System

The statutory assignment to the Attorney General of plenary responsibility for the conduct of litigation involving the United States furthers a number of important policy goals, and exceptions to this plenary grant will be narrowly construed.

The Office of Federal Inspector (OFI) of the Alaska Natural Gas Transportation System has no general power to conduct litigation, although it is possible that OFI may have a degree of specific authority derived from the independent litigating authority of agencies whose enforcement powers were transferred to OFI by Reorganization Plan No. 1 of 1979.

The Attorney General may not delegate or transfer his authority and responsibility to supervise and control litigation, by way of a memorandum of understanding or otherwise, to an agency, like OFI, that does not independently possess litigating authority; however, attorneys from OFI may participate in litigation as part of a team headed by attorneys from the Department of Justice.

December 11, 1980

## MEMORANDUM OPINION FOR
## THE ASSOCIATE ATTORNEY GENERAL

You have asked us certain questions regarding the litigating authority of the Office of Federal Inspector (OFI) of the Alaska Natural Gas Transportation System. We conclude that OFI has no general authority to conduct litigation, but that it may possibly have specific, limited authority derived from agencies which have litigating powers independent of the Department of Justice. We further conclude that the Department of Justice may not enter a memorandum of understanding with OFI transferring litigating authority to that agency.

## I.

First, you have asked for our opinion as to whether OFI has any independent litigating authority, deriving either from the Alaska Natural Gas Transportation Act of 1976 (ANGTA), 15 U.S.C. § 719, or the Reorganization Plan No. 1 of 1979, 15 U.S.C. § 719(e) (Supp. III 1979) (Reorganization Plan).

It is useful to review some basic principles in answering this question. Traditionally, the Attorney General has exercised plenary responsibility over the conduct of all litigation on behalf of the United States. *United States* v. *San Jacinto Tin Co.*, 125 U.S. 273, 279 (1888); *Confiscation*

*Cases,* 74 U.S. (7 Wall.) 454, 457–58 (1868). This responsibility was first given statutory recognition in the act which created the Department of Justice, 16 Stat. 162 (1870), and is now primarily codified at §§ 516 and 519 of Title 28, which reserve the conduct of litigation involving the United States to the Attorney General and the Department of Justice "[e]xcept as otherwise authorized by law."[1]

This assignment of plenary authority to the Attorney General centralizes the conduct of litigation on behalf of the United States and thereby furthers a number of important policy goals. It allows the presentation of uniform positions on important legal issues, ensures that government lawyers will be able to select test cases which present the government's position in the best possible light, and gives the Attorney General authority over lower court proceedings so that government litigation will be better handled on appeal and before the Supreme Court. It provides for greater objectivity in the filing and handling of cases by attorneys who are not themselves affected litigants. And it facilitates presidential supervision over executive branch policies implicated in litigation.[2]

Because of the strong policies favoring control of litigation by the Attorney General, the "otherwise authorized by law" exception in §§ 516 and 519 is construed narrowly as permitting litigation by agencies other than the Department of Justice only when statutes explicitly so provide. *Marshall* v. *Gibson's Products, Inc. of Plano,* 584 F.2d 668, 676 n.11 (5th Cir. 1978); *ICC* v. *Southern Ry Co.,* 543 F.2d 534, 536 (5th Cir. 1976); *United States* v. *Tonry,* 433 F. Supp. 620, 622 (E.D. La. 1977). A statutory grant of power to "bring a civil action" is not in itself conclusive evidence that an agency possesses litigating authority.[3] What is generally required is language authorizing agencies to use their own attorney to represent them in court.[4] The question, therefore, is

---

[1] Section 516 provides:
> Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

Section 519 provides:
> Except as otherwise authorized by law, the Attorney General shall supervise all litigation to which the United States, an agency, or officer thereof is a party, and shall direct all United States attorneys, assistant United States attorneys, and special attorneys appointed under section 543 of this title in the discharge of their respective duties.

*See also* 5 U.S.C. § 3106, which states in pertinent part:
> Except as otherwise authorized by law, the head of an Executive department or military department may not employ an attorney or counsel for the conduct of litigation in which the United States, an agency, or employee thereof is a party, or is interested, or for the securing of evidence therefor, but shall refer the matter to the Department of Justice.

[2] *See generally ICC* v. *Southern Ry Co.,* 543 F.2d 534, 536 (5th Cir. 1976); Office of Legal Counsel, Memorandum to the Director, Office of Management and Budget (November 29, 1973).

[3] *Compare FTC* v. *Guignon,* 390 F.2d 323 (8th Cir. 1968), *with SEC* v. *Robert Collier & Co.,* 76 F.2d 939 (2d Cir. 1935).

[4] *See, e.g.,* 16 U.S.C. § 825m(c) (Federal Power Commission); 12 U.S.C. § 1464(d)(l) (Federal Home Loan Bank Board).

821

whether there is any provision of law which thus explicitly vests litigating authority in OFI.

Such authorization exists, if at all, in the Reorganization Plan, which established OFI and transferred to it certain functions of other federal agencies.[5] Section 102 of the Reorganization Plan vests in OFI "exclusive responsibility for enforcement of all Federal statutes relevant in any manner to pre-construction, construction, and initial operation" of the approved transportation system. 15 U.S.C. § 719(e). "Enforcement" is defined to "includ[e] monitoring and any other compliance or oversight activities reasonably related to the enforcement process." Section 102 then lists approximately 50 statutory authorities exercised by seven federal agencies: the Environmental Protection Agency; the Army Corps of Engineers; the Department of Transportation; the Department of Energy; the Department of the Interior; the Department of Agriculture; and the Department of the Treasury. With respect to each of the statutory authorities, the transferred functions "include all enforcement functions of the given agencies or their officials under the statute as may be related to the enforcement of such terms, conditions, and stipulations [under federal authorizations], including but not limited to the specific sections of the statute cited." Finally, as relevant here, § 102(h)(l) vests in OFI "[t]he enforcement functions authorized by, and supplemental enforcement authority created by [ANGTA]."

These provisions nowhere contain the explicit language needed to divest the Attorney General of his otherwise plenary control over federal litigation. To be sure, the word "enforcement" might possibly be read so broadly as to encompass litigation. But such a construction would be inconsistent with the ordinary understanding of that term as used in federal statutes and regulations. There are a host of agencies, large and small, with statutory "enforcement" powers, but this authorization has never been interpreted to constitute a grant of litigating authority. If it were, the reservation of litigation to the Attorney General in §§ 516 and 519 would be largely vitiated.

That "enforcement" does not encompass litigation is evident from the Reorganization Plan's transfer to OFI of the "supplemental" enforcement powers in ANGTA. ANGTA's supplemental enforcement powers, which are contained in § 11 thereof, are limited to issuing compliance orders or requesting the *Attorney General* to commence a

---

[5] Previously, the Alaskan oil pipeline project had employed a federal inspector to supervise construction. In ANGTA, Congress instructed the President, *inter alia*, to appoint an officer or board to serve as federal inspector of an approved natural gas transportation system. As contemplated in § 7(a)(5) of ANGTA, 15 U.S.C. § 719e(a)(5), the federal inspector's duties were restricted to monitoring and oversight and clearly did not include litigation. The President further expanded the federal inspector concept by proposing to grant certain powers over the terms and conditions to be included in federal permits and other authorizations. *Alaska Natural Gas Transportation System: Message from the President of the United States Transmitting His Decision and Report on an Alaskan Natural Gas Transportation System.* H.R. Doc. No. 225, 95th Cong., 1st Sess. 197–200 (1977). Like ANGTA, however, the President's decision itself cannot plausibly be read as empowering OFI to engage in litigation.

civil action. 15 U.S.C. § 719i.[6] If OFI possessed independent litigating authority by virtue of the transfer of enforcement powers, it is unlikely indeed that it would need an additional and "supplemental" power to request the Department of Justice to institute a suit.

Finally, our research has uncovered no references in the legislative histories either of ANGTA, the President's decision, or the Reorganization Plan indicating that any of the participants—be they the President, the members of the congressional committees, or the witnesses at committee hearings—believed that the federal inspector or OFI possessed general litigating authority. If such a far-reaching grant of authority had been contemplated, at least some reference to this fact would have been included in these legislative histories. For the above reasons, therefore, we conclude that OFI possesses no general litigating authority.[7]

## II.

You have also asked whether the Attorney General, under §§ 516 and 519, has authority to transfer litigating authority by way of a memorandum of understanding to agencies that do not possess litigating authority.

In the absence of any general provision of law permitting an agency to transfer its statutory authority to another agency, such transfers or delegations may normally be accomplished only by legislation or by executive reorganization under the Reorganization Act. *See* 5 U.S.C. § 903(a). We have already concluded that the Reorganization Plan did not itself transfer litigating authority from the Department of Justice to OFI, and we see nothing in that Plan which can be read as authorizing the Attorney General to delegate such authority. Nor do the statutes generally applicable to the Department of Justice empower the Attor-

---

[6] More specifically, § 11(a) provides:

> In addition to remedies available under other applicable provisions of law, whenever any Federal officer or agency determines that any person is in violation of any applicable provision of law administered or enforceable by such officer or agency or any rule, regulation, or order under such provision, including any term or condition of any certificate, right-of-way, permit, lease, or other authorization, issued or granted by such officer or agency, such officer or agency may—
>
> (1) issue a compliance order requiring such person to comply with such provision or any rule, regulation, or order thereunder, or
>
> (2) bring a civil action in accordance with subsection (c) of this section.

15 U.S.C. § 719i(a). Subsection (c) provides in pertinent part:

> Upon a request of such officer or agency, as the case may be, the Attorney General may commence a civil action for appropriate relief, including a permanent or temporary injunction or a civil penalty not to exceed $25,000 per day for violations of the compliance order issued under subsection (a) of this section. . . .

15 U.S.C. § 719i(c).

[7] It is possible that OFI may enjoy a degree of specific authority derived from independent litigating authority previously exercised by a federal agency other than the Department of Justice and transferred to OFI by the Reorganization Plan. That issue is beyond the scope of our present inquiry and would require an examination of any existing independent litigating authority exercised by any of the agencies that transferred functions to OFI pursuant to the Reorganization Plan.

ney General to delegate authority to other agencies. Indeed, the implication of these statutes is clearly to the contrary. Section 516 states that, except as otherwise authorized by law, the conduct of government litigation is "reserved" to officers of the Department of Justice. Section 519 in terms imposes a mandatory duty on the Attorney General to supervise all litigation involving the United States, except as otherwise authorized by law. The policy of ensuring centralization of litigation which underlies §§ 516 and 519 is furthered by a rule prohibiting delegation outside the Department of Justice.

Generally speaking the Attorney General may not enter into a memorandum of understanding or other arrangement delegating litigating authority to an agency that does not independently possess such authority.[8] The Attorney General may delegate litigating authority where specifically authorized to do so by federal statute or by legislative history unequivocally expressing congressional intent to permit delegation. For example, we believe that authority to conduct litigation may be delegated when a statute provides that the Attorney General may authorize an agency to appear in court under his overall control and supervision. There is, however, no language in the materials relevant to OFI that can be read to supersede the Attorney General's general obligation not to delegate his responsibility outside the Department of Justice.[9]

Given that the Attorney General may not delegate his litigating authority to OFI, the question arises as to what role, if any, attorneys from OFI could play in that agency's litigation. It is evident that the Attorney General may not transfer to OFI any powers either to "supervise" (§ 519) or to "conduct" (§ 516) litigation. Thus, attorneys from OFI may not exercise general supervisory powers over a case or class of cases. Nor may they take trial level responsibility for handling a particular case. However, we believe that attorneys from OFI may participate in depositions, witness examinations, arguments, briefings, and all other forms of trial preparation and presentation as part of a litigation "team" headed by an attorney or attorneys from the Department of Justice. This would not amount to an impermissible delegation of the power to "conduct" litigation so long as an attorney from the Department of Justice participates actively in the litigation in all its

---

[8] On the other hand, an agreement establishing "agreed boundaries" between the Department of Justice and an agency possessing independent litigating authority would appear entirely permissible. For example, OFI and the Department of Justice could enter into an agreement with respect to those litigating authorities, if any, which the Reorganization Plan transferred to OFI from agencies other than the Department of Justice. A like arrangement could be used to establish the point at which administrative proceedings within OFI's competence end and judicial proceedings within the sphere of the Department of Justice begin.

[9] The Department of Justice currently operates under a number of memoranda of understanding and other informal agreements dividing litigating responsibility with other agencies. Although we have not studied the subject exhaustively, it appears that those agreements are authorized by federal statute or are otherwise permissible as not amounting to delegations of authority. Several of these memoranda are collected in the Department's Civil Division Practice Manual, at § 3-28.

phases and retains final say over all significant trial decisions, including but not limited to stipulations of facts, removal of issues from the case, compromise, and dismissal. The Department of Justice has frequently engaged in this "team" approach to litigation, and we see no legal objection to the practice.[10]

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[10] Alternatively, one or more attorneys from OFI could be appointed to act as special attorneys or special assistants within the Department of Justice. *See* 28 U.S.C. §§ 543, 515. Such attorneys would be able to conduct litigation or to supervise the conduct of a case or class of cases.