UNITED STATES of America, Plaintiff,

v.

Thomas Penn JOHNSON, Defendant.

No. 92–320–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Fort Myers Division.

March 7, 1994.

Steven A. Nisbet, U.S. Attorney's Office, M.D.Fla., Tampa, FL, for plaintiff.

Thomas Penn Johnson, pro se.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This civil action is before the Court on Defendant's motion for declaratory judgment, Plaintiff's second motion for summary judgment, memoranda thereon, and the parties joint stipulation filed on December 28, 1993.

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to material fact when all evidence is viewed in the light most favorable to the non-moving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an ele-

ment essential to that party's case, on which that party will bear the burden of proof at trial. *Id.,* 477 U.S. at 322, 106 S.Ct. at 2552, at p. 273.

The Court also said, "Rule 56(e) therefore requires that non-moving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answer to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Id.,* 477 U.S. at 323, 106 S.Ct. at 2553, at p. 274.

This cause of action was filed October 6, 1992. The named Defendant is Thomas Penn Johnson, *pro se.* Plaintiff is the United States of America.

The complaint seeks as against Defendant Johnson, recovery of the principal amount of $1,635.00, together with accrued interest in the amount of $892.46 as of November 21, 1991, plus administrative/collection costs of $87.00, and interest on the principal sum accruing thereafter at the rate of 3% per annum until the date of judgment.

On December 10, 1993, Plaintiff filed a second motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., for the entry of summary judgment in its favor on the grounds that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

On December 15, 1993, Defendant filed a motion for declaratory judgment pursuant to Rule 57, Fed.R.Civ.P., for the entry of a declaratory judgment in Defendant's favor on the grounds that Plaintiff had no legal basis to sue Defendant in the United States District Court under the authority of 28 U.S.C., § 1345. Defendant claimed he was entitled to judgement as a matter of law.

On December 28, 1993, the parties filed a joint stipulation, agreeing that there are no genuine issues of material fact. Further, the parties stipulated that the only contested legal issues are set out in Defendant's motion for declaratory judgment and Plaintiff's opposition filed in response thereto.

The following facts are undisputed:

1. The debtor, Thomas Penn Johnson, executed and delivered to Syracuse University, Syracuse, New York, a promissory note, thereby promising to pay to said payee the total principal sum of $2,000.00 plus 3% interest.

2. The promissory note which covered Defendant's student loan was insured by the Department of Health, Education and Welfare, now known as the Department of Education, pursuant to the provisions of Title IV, Part E of the Higher Education Act of 1965, as amended and the Code of Federal Regulations, Title 34, part 674(B)(c).

3. Upon default on the loan by Defendant, the University of Syracuse assigned all rights and title to the Department of Education pursuant to 20 U.S.C. § 1087cc(a)(5) on February 17, 1989. The Secretary referred the debt to the Attorney General and the United States commenced this action. The United States is now the holder in due course of the note signed by Defendant.

4. Defendant denies owing the amount of the loan to Plaintiff, on the ground that he paid a lump sum of $3,000.00 to Syracuse University in 1973 for fees for academic credits. In his motion to refuse application for summary judgment on behalf of Plaintiff, Defendant claims that discovery would show he was legally entitled to all or a portion of the said $3,000.00.

5. Although no records can be found that indicate Defendant in fact paid the $3,000.00 in exchange for credit at Syracuse because such records have been purged by the University through operating procedure, this issue is irrelevant. Because the fees claimed to have been paid to the University by Defendant would have been in exchange for the University's resources toward the completion of his dissertation, any such fees would be nonrefundable, notwithstanding whether Defendant indeed finished the University's doctoral program.

## LEGAL ISSUES

The parties by and through their joint stipulation deem the following to be the issues of law in this cause of action:

1. Whether 20 U.S.C. § 1087cc(a)(5) constitutes an ex post facto law.

2. Whether 20 U.S.C. § 1087cc(a)(5) constitutes a bill of attainder.

3. Whether this Court is deprived of subject matter jurisdiction over the present action.

4. Whether the United States has standing to sue Defendant in a United States District Court under Title 28 United States Code § 1345.

## DISCUSSION

The parties have stipulated to the legal issues in this case; therefore, this Court will address only those issues framed by the parties in their joint stipulation.

■ Article I, § 9 & 10 of the Constitution of the United States prevents the federal government from enacting ex post facto laws. Justice Marshall defined an ex post facto law in *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87, 3 L.Ed. 162 (1810), as one which renders an act punishable in a manner in which it was not punishable when it was committed. It is beyond dispute that the ex post facto clause applies only to criminal laws. *Harisiades v. Shaughnessy*, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586 (1952) and *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798). However, the prohibition on ex post facto laws cannot simply be circumvented by Congress with the enactment of a civil law which is primarily criminal in nature.

■ If a law is one which has a retroactive punitive effect in that it punishes conduct that was not punishable at the time it occurred, it may be deemed ex post facto. Traditionally, courts have been willing to deem, ex post facto, only those laws which impose criminal measures, such as increased severity of punishment; increased imprisonment; or increased penalties for a crime of which the offender has previously been convicted.

■ Courts are reluctant to find a federal statute ex post facto if its effect is not criminal in nature. For instance, in *Galvan v. Press*, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911 (1954), a law providing for the deportation of persons based on their conduct prior to the enactment of the deportation law, was held not to be penal in nature and therefore, not subject to the prohibition on ex post facto law.

■ The rationale behind the Constitution's ban on ex post facto laws is grounded in notions of fair notice. It is considered unjust to charge and punish someone with a crime who could not have known that his conduct was illegal or subject to penalty at the time he committed the act.

■ Defendant argues that 20 U.S.C. § 1087cc(a)(5) constitutes an ex post fact law. Defendant's argument is without merit. 20 U.S.C. § 1087cc(a)(5) enables a higher education institution to transfer its interest in a loan in default to the Secretary for collection. It is clear from the language on the face of the statute that Congress did not intend for this law to be criminal in nature nor retroactively punish citizens affected by the law. Section 1087cc(a)(5) is not punitive in either purpose or effect so as to require it to be considered a quasi-criminal provision barred by the ex post facto clause of the United States Constitution.

Section 1087 does not inflict punishment on Defendant. Moreover, the law does not inflict any greater punishment on Defendant than the law did when he defaulted. Defendant willingly entered into a contract with Syracuse University for a monetary loan, fully aware of his obligation under the contract and the law. It makes no difference whether it is the University or the United States Government attempting to recover on the loan. Defendant knew he could be forced to fulfill his obligation to re-pay any funds provided him under the loan. The law merely enables the Government to pursue those individuals who enter into contracts for a loan and subsequently default on their obligation. It is too clear to require further discussion, that § 1087 is not an ex post facto law. Consequently, this Court rejects the defendant's ex post facto claim and holds that § 1087 does not run afoul of the ex post facto clause.

Defendant also urges this Court to find that 20 U.S.C. § 1087cc(a)(5) constitutes a bill of attainder as proscribed by the United States Constitution, Article 1 § 9 and 10. A

bill of attainder is a legislative act which inflicts punishment without a judicial trial. *U.S. v. Lovett*, 328 U.S. 303, 66 S.Ct. 1073, 90 L.Ed. 1252 (1946).

■ The rationale behind the ban on bills of attainder is grounded in the concept of separation of powers. The process by which individuals are punished is a function of the judiciary and a function which should not be conducted by the legislature. The Bill of Attainder Clause applies only to legislative punishment of specific individuals or small targeted groups. The constitutional prohibition on bills of attainder applies to legislative enactments passed after the commission of the offense which is to be punished.

■ This Court finds that Section 1087 does not create a penalty for Defendant's past misconduct nor does it inflict punishment without a trial. Moreover, Section 1087 does not target a particular individual or group of individuals. The mere fact that Defendant may be disadvantaged by the challenged statute is immaterial and does not rise to the level of "punishment." Simply because Defendant may be discomforted by the governmental authority does not mean that the statute is penal in nature nor that he has been deprived of any due process. Even though certain aspects of a law may be unfavorable to certain individuals, measures taken by Congress which have no stigmatizing elements are not prohibited by the Bill of Attainder Clause. For example, in *Hawker v. New York*, 170 U.S. 189, 18 S.Ct. 573, 42 L.Ed. 1002 (1898) a ban on the practice of medicine by convicted felons was not denounced as a bill of attainder.

Section 1087 was designed to accomplish a legitimate governmental purpose and is a constitutional exercise of legislative power. The law simply enables a higher educational institution to assign its loans that are in default to the Secretary so that the United States may commence action against those debtors in default to recover any monies owed by such debtors.

Defendant also argues that this Court is deprived of subject matter jurisdiction over this action and that the United States Government lacks standing to bring such a suit.

■ 28 U.S.C. § 1345 states that "Except as otherwise provided by Act of Congress, the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States ..." Under this section giving district courts original jurisdiction of proceedings commenced by the United States, the United States does not need any additional grant of subject matter jurisdiction. However, the government must still satisfy jurisdictional conditions to bringing suit such as standing. *Marshall v. Gibson's Products, Inc. of Plans*, 584 F.2d 668 (1978).

■ Section 1087hh provides that the Secretary is authorized to conduct litigation in accordance with the provisions of § 1082(a)(2). Section 1082(a)(2) provides that "... the Secretary may sue and be sued in any court of record of a State having general jurisdiction or in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy." The Court agrees with Plaintiff (as noted in Plaintiff's opposition to Defendant's motion for declaratory judgment), that pursuant to 20 U.S.C. § 1087gg, the Secretary is authorized to collect monies owed on any loan assigned it under § 1087cc(a). This can be accomplished by any means authorized by law for collecting claims of the United States, including referral to the Attorney General for litigation.

The law clearly establishes that Plaintiff, United States, not only has standing to bring this action, but also that this Court has subject matter jurisdiction over the matter.

This Court is satisfied that entry of summary judgment is appropriate in this cause. The facts are not in dispute as they have been stipulated to, and the legal issues were narrowly defined by the parties in the joint stipulation as well. This Court finds Plaintiff is entitled to judgment as a matter of law. Plaintiff has supported its argument that 20 U.S.C. § 1087cc(a)(5) does not constitute a bill of attainder nor is it an ex post facto law.

Plaintiff, United States, has standing to bring this action and this Court has subject matter jurisdiction over this cause. Plaintiff

supports its theory that Defendant executed a promissory note to Syracuse University promising to pay the principal sum of $2,000.00 plus 3% interest and subsequently defaulted on the loan. Defendant has offered no proof of repayment of the loan and is ordered to pay Plaintiff the principal amount of $1,635.00 together with accrued interest in the amount of $892.46 as of November 21, 1991, plus administrative collection costs of $87.00. Additionally, Plaintiff is entitled to, and shall take 3% per annum interest accrued thereafter on said total. Accordingly, and upon consideration, it is

**ORDERED** that Plaintiff's second motion for summary judgment be **granted** (Docket No. 21); Defendant's motion for declaratory judgment be **denied** (Docket No. 22). The Clerk of Court **shall** enter judgment in favor of Plaintiff against Defendant in the amount of $1,635.00 with accrued interest of $892.46 as of November 21, 1991, plus interest of 3% per annum interest until the date of judgment, and administrative/collection costs of $87.00.

**DONE and ORDERED.**